GRAF, Respondent, vs. NEWMAN and others, Appellants.

*October 22—November 16, 1920.*

*Husband and wife: Conveyance of husband's land by wife: Estoppel: Adverse possession by wife after husband's death: Betterments: Improvements made before adverse holding.*

1. Where land conveyed to a wife had previously been conveyed in part to the husband and was thereafter used as a whole, being dealt with by the wife as the agent of her husband, due to his insanity and failing health, and was at no time in the exclusive adverse possession of the wife, neither the husband, whose acts in relation to the land were in no way inconsistent with his claim of ownership, nor his heir was estopped from claiming the land previously conveyed to the husband as against successors in interest of persons to whom it was conveyed by the wife.

2. Such possession by the wife of the husband's land subsequent to his death was not adverse to his heir, since the wife had a homestead interest in the land prior to her second marriage and a dower interest thereafter.

3. Where improvements were not made by one holding adversely to the owner under secs. 3096–3100, Stats., the court properly denied recovery therefor in an action to quiet title and cancel the deed.

APPEAL from a judgment of the circuit court for Marinette county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

Action to quiet title and cancel deed. Peter Graf, the father of the plaintiff and the husband of Frances Graf, in his lifetime secured a conveyance of the premises in question from one Louisa J. Bartels, October 15, 1894. On the 15th day of June, 1901, Louisa J. Bartels made a conveyance to Frances Graf, the wife, of a tract of land which included that described in the conveyance to Peter Graf and other land. In June, 1901, Frances Graf leased the entire property to one Alex Lozo, and Peter Graf and his family removed from the premises. Lozo remained in possession until the expiration of his lease, when Peter Graf and his family again took possession. May 17, 1905, Frances Graf conveyed the premises to Frank Erdlitz. On August 26, 1905, Erdlitz deeded the premises to Frances Graf. Frances Graf went into possession and remained in possession about two months, when she rented the premises to one William Kollencheck. On October 22, 1907, Frances Graf conveyed the lands to Dr. G. Newman & Company for $3,000, she being the person described as "and company," it being a deed, therefore, to *G. Newman* and herself, and by mesne conveyances the title was passed to the defendant *John McBeth.* Peter Graf was committed to the insane asylum on October 17, 1905, and died without having recovered his sanity December 21, 1905. The plaintiff, *Mary Graf,* was twenty-one years of age on the 13th day of October, 1917. Subsequent to the conveyance by Frances Graf to *Gustav Newman,* October 22, 1907, the plaintiff, then a minor, was, on February 1, 1917, induced by *Newman* to execute to him a quitclaim deed, which was without consideration. On January 8, 1912, Frances Graf and *G. Newman* executed a deed to said premises to *G. Newman,* who went into possession, claiming the premises against any and all rights of *Mary Graf,* the plaintiff. The court found the facts as stated, and other facts not material on this appeal,

concluded that the deed given by *Mary Graf* to *G. Newman* February 1, 1917, was void and inoperative, that *Mary Graf*, the plaintiff, is the owner in fee of said premises, subject to the assigned dower right of Frances Graf, and that the defendants and each of them be forever barred from having or claiming any right in and to the premises described. The plaintiff had judgment accordingly, from which the defendants appeal.

*Charles A. Enslow* of Janesville, for the appellants.

For the respondent there was a brief by *L. M. Nelson,* attorney, and *P. A. Martineau,* of counsel, both of Marinette; and the cause was argued orally by *Mr. Martineau.*

ROSENBERRY, J.   It is the claim of the defendants that Peter Graf would, if alive, be estopped to deny the title of Frances Graf; second, that the defendant *McBeth* and his grantors were for ten years or more preceding the date of the commencement of the action in continuous, open, notorious, exclusive possession and occupancy of the premises under a claim of title founded upon a sufficient written instrument, holding adversely against the whole world.

The facts out of which the estoppel of Peter Graf, and consequently of his heir, *Mary Graf,* is claimed to arise are these: First, that Peter Graf acquiesced in the conveyance of that part of the premises owned by him by Louisa J. Bartels to Frances Graf; second, that he acquiesced in the execution of a lease of the property to Lozo June 28, 1901; third, acquiesced in the execution of a lease to William Kollencheck by Frances Graf; fourth, that he at one time stated to a witness that he wanted to have his property in his wife's name; and fifth, by refraining from in any manner exercising any authority over the property. The court found, upon ample evidence, that the wife dealt with the property as the agent of her husband, due to his insanity and failing health, and that Frances Graf did not possess said premises adversely to either the plaintiff or her father, Peter Graf.

We think this finding of the trial court is amply sustained. There was nothing in the conduct of Peter Graf inconsistent with his claim to ownership. The premises, after the deed by Louisa J. Bartels to Frances Graf, were used as a whole, and they were at no time in the exclusive adverse possession of Frances Graf. Therefore the trial court was correct in holding that neither Peter Graf nor his heir, the plaintiff, was estopped, and that until the deed by Frances Graf and *G. Newman* to *G. Newman* January 8, 1912, there was no holding of the premises adverse to the rights of the plaintiff herein, but that the possession of Frances Graf and the lessees under her and those to whom she conveyed the premises was subordinate to the rights of the plaintiff. Frances Graf had at all times up to the time of her marriage a homestead interest in the premises, and had thereafter a dower interest. Her possession of the premises was not in any sense adverse to the title of *Mary Graf,* the plaintiff.

It is further contended on the part of the defendant *McBeth* that the court erred in denying recovery for improvements placed upon the premises. There having been, as to plaintiff, no adverse possession prior to January 8, 1912, the improvements having been made before that time, the improvements were not made by one holding adversely under the provisions of secs. 3096–3100, Stats. The trial court therefore correctly held the defendant *McBeth* was not entitled to recovery therefor.

*By the Court.*—Judgment affirmed.